```
          UNITED STATES DISTRICT COURT FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN C. FERNANDES, JR.,      :
                               :
                               :
            Petitioner         :    CIVIL NO. 1:CV-06-2394
                               :
        vs.                    :    (Judge Caldwell)
                               :
WARDEN, USP-LEWISBURG,         :
                               :
            Respondent.        :
```

*M E M O R A N D U M*

I.   *Introduction*.

On December 14, 2006, the pro se petitioner, Steven C. Fernandes, Jr., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the loss of 141 days' good-time credit as the result of four disciplinary actions taken against him while he was residing at the Coolidge House Residential Re-Entry Center ("RRC"), in Boston, Massachusetts. As part of the sanction on the last disciplinary action, Petitioner was returned to USP-Lewisburg, Lewisburg, Pennsylvania.

Fernandes makes the following due-process claims. First, he did not receive the incident reports within twenty-four hours of the time staff became aware of his involvement in the incidents, as required by the appropriate program statement. He asserts he was prejudiced as a result because the RRC staff had

more time to shore up the reports and he had less time to prepare a defense. Also, for several of the reports he was moved back to Lewisburg before being served with them. Second, his hearing was before RRC staff and not the prison discipline hearing officer (DHO), a violation of Bureau of Prison (BOP) regulations and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Third, Petitioner was not given a record of the RRC hearing or of the DHO hearing. Fourth, Petitioner was not given a copy of the DHO reports nor were they placed in his file as required by BOP regulations. Fifth, Petitioner was denied his right to an administrative appeal and in fact his appeal was denied when taken. Sixth, Petitioner lost good-time credits without notice or an opportunity to appeal. Seventh, Petitioner was denied access to the courts because without an appeal he could not exhaust his remedies and then come into court. As relief, Fernandes requests the incident reports be expunged from his record and all good conduct time be restored.

II.     *Background*.

For inmates in federal custody, disciplinary charges are resolved by the process found at 28 C.F.R. § 541.2-541.22, but for an inmate at a community corrections center, like an RRC, such charges are resolved under Program Statement 7300.09, the

-2-

"Community Corrections Manual"; Program Statement 5270.07, dealing with "Inmate Discipline and Special Housing Units"; and the RRC's "Statement of Work."[1]

A significant difference is that when BOP rules require a hearing before a DHO, who imposes sanctions, the RRC shall have a hearing before the Center Discipline Committee (CDC) which shall send a report to the DHO and recommend sanctions. The DHO reviews the report and then makes the final decision on sanctions.

As detailed in Respondent's brief at pp. 21-24, the process begins with an incident report. The inmate has to be served with the report within twenty-four hours of the time staff became aware of the inmate's involvement in the incident, and the CDC hearing must be held within three days of the date staff became aware of the inmate's involvement in the incident. If an infraction is found, a CDC report is sent to the DHO, providing the evidence relied upon, the decision, and the reasons for the recommendations. (Doc. 21-3, p. 10). The DHO has three days to review the report and to impose sanctions. The inmate must be given a copy of the report within three to five working days

---

[1] Respondent submits portions of these documents as Exhibits J and K. (Doc. 21-3, pp. 25-58).

after the DHO sends his report to the RRC. The inmate can appeal through the Administrative Remedy Program.

While he was at the RRC, Petitioner received four incident reports. On July 24, 2006, after a cell phone was found in his room, he was charged with Possession of Anything Not Authorized for Retention or Receipt by an Inmate, and not Issued to him Through Regular Channels. On August 2, 2006, he was charged with Violating a Condition of Programming by not being present at his job site when a spot check was performed. On August 3, 2006, he was charged with Refusing to Provide a Urine Sample or to Take Part in Other Drug-Abuse Testing. On or about August 14, 2006, he was charged with escape from the RRC.

It appears that with the exception of some violations of deadlines for the escape charge, the procedure outlined above was substantially followed, especially for the more important procedural rights. For all charges, Petitioner was timely notified before a hearing took place (or waived such notice), he was given a hearing before the CDC, and was allowed to present evidence. After the CDC submitted its report to the DHO, the DHO imposed, among other sanctions, the loss of good-time credits on each charge, respectively as follows: ten days, five days, sixty-seven days and fifty-nine days.

Respondent concedes that there was a delay between the date the reports were sent to Petitioner and his receipt of them, so he was allowed a late appeal. The sanctions were affirmed at the regional level. *See* 28 C.F.R. § 541.19. Petitioner's one appeal to the central office on the escape charge was dismissed on a procedural defect.

III.   *Discussion*.

As Respondent argues, due process in this context requires that "the prisoner [be] given the following three rights: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992)(quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)).

All three of these requirements were met here.[2] Petitioner argues that the program statements and other rules applying to disciplinary hearings for inmates in community

---

[2] There must also be some evidence of the infraction, *id.*, but Petitioner does not argue that there was not.

correction centers were not followed. That may be true, but it is irrelevant because in such circumstances Petitioner would have to show prejudice from the agency's failure to follow its own regulations. *See Thibodeau v. Watts*, 2006 WL 89213, at *4 (M.D. Pa.)(Caldwell, J.)(citing *Von Kahl v. Brennen*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)). Petitioner's claims of prejudice here are insufficient; he has not shown how he might have been prejudiced. We note his claim that he never received copies of the CDC and DHO reports, but he did eventually receive copies and any prejudice from not having received them would have been cured by the allowance of the late appeals. Additionally, there could be no denial of access to the courts here because Respondent has not interposed exhaustion as a defense.

      We will issue an appropriate order.[3]

                                 /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge

Date: April 13, 2007

---

[3] Petitioner has filed a motion to add arguments to his traverse. We will grant that motion but deny relief on the new claim presented, that Petitioner was entitled to a hearing before a DHO, rather than a CDC, because Program Statement 7300.09 was not promulgated in accord with the Administrative Procedure Act, see 5 U.S.C. § 551 et seq. We do not consider arguments raised for the first time in a reply brief.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN C. FERNANDES, JR.,           :
                                    :
        Petitioner                  :
                                    :   CIVIL NO. 1:CV-06-2394
        vs.                         :
                                    :   (Judge Caldwell)
                                    :
WARDEN, USP-LEWISBURG,              :
                                    :
        Respondent.                 :

*O R D E R*

AND NOW, this 13th day of April, 2007, it is ordered that:

  1. Petitioner's motion (doc. 23) to add arguments to his traverse is granted.

  2. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

  3. The Clerk of Court shall close this file.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge